UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID MARIN-MONROY,

    Petitioner,

v.                                           Case No. 8:24-cv-974-WFJ-TGW

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

## ORDER

David Marin-Monroy is a Florida prisoner serving a thirty-year sentence for racketeering and conspiracy to commit racketeering. He initiated this action by filing a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). Shortly thereafter, the Court informed Mr. Marin-Monroy that his petition appeared to be untimely and ordered him to show cause why this action should not be dismissed on that basis.[1] (Doc. 2). Mr. Marin-Monroy subsequently filed a response to the show-cause order. (Doc. 3). In it, he admits that the petition is untimely but contends that (1) the actual-innocence exception excuses the time bar and (2) he is entitled to equitable tolling. (*Id.* at 3-6). After careful review, the Court concludes that the petition must be **DISMISSED as time barred**.

---

[1] *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 653 (11th Cir. 2020) (district court may "*sua sponte* dismiss[] [a] § 2254 petition [for untimeliness] after giving [petitioner] notice of its decision and an opportunity to be heard in opposition").

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Under AEDPA, a federal habeas petitioner has a one-year period to file a § 2254 petition. This limitation period begins running on the later of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). It is tolled for the time that a "properly filed application for State post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2).

Mr. Marin-Monroy's convictions were affirmed on direct appeal on January 6, 2016. (Doc. 1 at 2; *see also Marin-Monroy v. State*, 185 So. 3d 1244 (Fla. 2d DCA 2016)). He subsequently filed a motion for rehearing, which was denied on February 12, 2016. *Marin-Monroy v. State*, No. 2D13-5069, Docket (Fla. 2d DCA). His convictions became final ninety days later, on May 12, 2016, when the time to petition the United States Supreme Court for a writ of certiorari expired. *See Lowe v. Fla. Dep't of Corr.*, 679 F. App'x 756, 758 (11th Cir. 2017) ("[Petitioner's] conviction became final on March 10, 2010, 90 days after the denial of his motion for rehearing on direct appeal."). The AEDPA limitation period began to run the next day—May 13, 2016.

The limitation period ran uninterrupted until it expired one year later, on May 15, 2017.[2] (Doc. 2-1 at 7). Mr. Marin-Monroy did not file any tolling applications before that

---

[2] The last day of the limitation period—May 13, 2017—fell on a Saturday. Accordingly, Mr. Marin-Monroy had until Monday, May 15, 2017, to file his federal habeas petition. *See* Fed. R. Civ. P. 6(a)(1)(C) ("[I]f the last day [to file] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

date. Instead, in December 2017, he moved for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Doc. 1 at 3; Doc. 2-1 at 7). By that time, however, the AEDPA limitation period had already expired. "[A] state court petition . . . that is filed following the expiration of the federal limitations period cannot toll that period because there is no period remaining to be tolled." *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001). Therefore, Mr. Marin-Monroy's § 2254 petition—filed on April 19, 2024—is untimely. (Doc. 1 at 1).

As noted above, Mr. Marin-Monroy admits that his petition "was submitted outside of the one[-]year AEDPA time limitation period." (Doc. 3 at 2). He contends, however, that the actual-innocence exception excuses the time bar. (*Id.* at 3-6). A petitioner may overcome the expiration of AEDPA's limitation period if he makes "a convincing showing of actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). "To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

Mr. Marin-Monroy presents no evidence—let alone "new reliable evidence"—to support his claim of innocence. *Id.* Instead, he simply asserts that the "federal claims" raised in his petition "show that if not for his constitutional rights being violated, he would

have been found to be innocent." (Doc. 3 at 5). But the petition does not identify any new evidence showing that Mr. Marin-Monroy is factually innocent of the charged offenses. Simply put, Mr. Marin-Monroy's "vague" and "conclusory" assertions are "insufficient to establish actual innocence." *Gelb v. Sec'y, Dep't of Corr.*, No. 8:20-cv-2574-CEH-SPF, 2023 WL 3158302, at *3 (M.D. Fla. Apr. 28, 2023); *see also Murray v. Sec'y, Dep't of Corr.*, No. 6:08-cv-284-MSS-GJK, 2009 WL 1941453, at *2 (M.D. Fla. July 7, 2009) ("Petitioner merely asserts that he is actually innocent of the crimes. This vague and conclusory allegation of innocence is insufficient to [establish actual innocence].").

Mr. Marin-Monroy also contends that he is entitled to equitable tolling. AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of his § 2254 petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011).

Because this is a "difficult burden" to meet, the Eleventh Circuit "has rejected most claims for equitable tolling." *Diaz v. Sec'y for Dep't of Corr.*, 362 F.3d 698, 701 (11th Cir. 2004); *see also Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) ("[E]quitable tolling applies only in truly extraordinary circumstances."); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) ("Equitable tolling is an extraordinary remedy which is typically applied sparingly."). "[T]he burden of proving circumstances that justify the

application of the equitable tolling doctrine rests squarely on the petitioner," and "[m]ere conclusory allegations are insufficient to raise the issue of equitable tolling." *San Martin*, 633 F.3d at 1268.

Mr. Marin-Monroy fails to show that equitable tolling applies here. First, he alleges that he "does not speak or understand English nor does he know a thing about State or Federal law." (Doc. 1 at 8). The Eleventh Circuit has not, however, "accepted a lack of a legal education and related confusion or ignorance about the law as excuses for a failure to file in a timely fashion." *Perez v. Florida*, 519 F. App'x 995, 997 (11th Cir. 2013) (citing *Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005)). Likewise, "[a]n inability to understand English does not constitute extraordinary circumstances justifying equitable tolling." *Id.* (citing *United States v. Montano*, 398 F.3d 1276, 1280 n.5 (11th Cir. 2005)).

Second, Mr. Marin-Monroy alleges that the "paid attorneys who handled all of his state postconviction motions" "allowed his Federal time to elapse without ever informing [him] that a one[-]year AEDPA time limitation even existed." (Doc. 3 at 5). Mr. Marin-Monroy apparently believes that postconviction counsel should have filed a Rule 3.850 motion before the AEDPA limitation period expired in May 2017. That way, the clock would have stopped while the Rule 3.850 motion remained pending, and Mr. Marin-Monroy might have been able to file a timely § 2254 petition once the state-court proceedings concluded. *Brown v. Sec'y, Dep't of Corr.*, 530 F.3d 1335, 1338 (11th Cir. 2008). The problem for Mr. Marin-Monroy is that "attorney negligence, even gross or egregious negligence, does not by itself qualify as an extraordinary circumstance for purposes of equitable tolling." *Clemons v. Comm'r, Ala. Dep't of Corr.*, 967 F.3d 1231,

1242 (11th Cir. 2020) (citation omitted). Indeed, "an attorney's mistake in calculating the statute of limitations period, even when caused by the failure to do rudimentary legal research, does not justify equitable tolling." *Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1221 (11th Cir. 2017). In light of this settled caselaw, Mr. Marin-Monroy cannot "show that the postconviction attorney[s'] failure to file the state postconviction motion in time to toll the AEDPA limitation period is an extraordinary circumstance." *Lebed v. Sec'y*, No. 5:20-cv-574-KKM-PRL, 2023 WL 6676138, at *4 (M.D. Fla. Oct. 12, 2023).

In short, Mr. Marin-Monroy has not shown that he is actually innocent, and he fails to establish entitlement to equitable tolling. Thus, his petition must be dismissed as untimely.

Accordingly, it is **ORDERED** that:

1. Mr. Marin-Monroy's petition (Doc. 1) is **DISMISSED as time barred**.
2. The **CLERK** is directed to enter judgment against Mr. Marin-Monroy and to **CLOSE** this case.
3. Mr. Marin-Monroy is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's dismissal of his petition. 28 U.S.C. § 2253(c)(1). To obtain a certificate of appealability, Mr. Marin-Monroy must show that reasonable jurists would debate both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the petition is time barred, Mr. Marin-Monroy cannot satisfy the second prong of

the *Slack* test. And because Mr. Marin-Monroy is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida, on May 30, 2024.

_____
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**